a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEITH COLLINS, JR., Petitioner | CIVIL ACTION NO. 1:19-CV-1591-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 7) filed by *pro se* Petitioner Keith Collins, Jr. ("Collins") (#22652-078). Collins is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Collins challenges the calculation of his sentence by the BOP.

Because Collins has not exhausted administrative remedies and his claim is meritless, his Petition (ECF Nos. 1, 7) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Collins pleaded guilty to bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) in the United States District Court for the Eastern District of Texas. *United States v. Collins*, 1:14-CR-0079, E.D. Tex.; ECF No. 337. Collins was sentenced to a term of imprisonment of 90 months. The Judgment specified that the sentence was to "run consecutively with any state term of imprisonment that may be imposed for the Burglary charges in Newton and Jasper Counties, Texas." *Id.* at 2.

Here, Collins alleges that the federal judge ordered his sentence to run concurrently with his state sentence. ECF No. 7-1 at 2. Therefore, Collins complains that the BOP has miscalculated his sentence and is disregarding the intent of the federal court. *See id.*

## II. Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust his administrative remedies through the BOP. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *accord Willard v. Van Buren*, No. 4:04-CV-287, 2004 WL 994069, at *1 (N.D.Tex. Apr. 30, 2004) ("The purpose of the exhaustion requirement is to permit the federal agency being challenged to correct its own error without court intervention.").

An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies.

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See id.*

Collins admits that he did not exhaust the BOP's administrative remedies process. ECF No. 7 at 2. Collins does not present extraordinary circumstances that prevented him from exhausting.

Furthermore, Collins's claim that the federal court ordered his sentence to run concurrently with any state sentence is inaccurate. The Judgment in Collins's criminal case specifically states it "shall run *consecutively* with any state term. . . ." *United States v. Collins*, 1:14-CR-0079, E.D. Tex.; ECF No. 337 (emphasis added).

### III. Conclusion

Because Collins did not exhaust and has not demonstrated the futility of administrative review, and because his federal sentence was ordered to run consecutively with any state term, IT IS RECOMMENDED that his Petition (ECF Nos. 1, 7) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 24th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE